UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>L. WANG FAMILY PARTNERS, LP, et al.,<br><br>    Defendants. | Case No.19-cv-00207-VKD<br><br>**ORDER DENYING WITHOUT PREJUDICE REQUEST FOR CONSENT DECREE; GRANTING IN PART AND DENYING IN PART STIPULATED REQUEST TO FOREGO JOINT SITE INSPECTION**<br><br>Re: Dkt. Nos. 23, 24 |

On June 4, 2019, the parties filed a proposed consent decree resolving plaintiff Scott Johnson's claims with respect to injunctive relief. Dkt. No. 23. The Court has reviewed the proposed consent decree and its attached documents. Several of the terms in Exhibit A to the proposed consent decree are ambiguous and would be difficult to enforce. For example, Exhibit A defines "Fully Complaint" [sic] as "indicat[ing] that the feature, fixture, space or improvement in question shall be designed and/or constructed and/or installed to meet all applicable requirement [sic] of: (i) ADAS and (ii) the currently enforceable and relevant provisions of the CBC," but that term is not actually used in the consent decree. Dkt. No. 23-1 at 1. Instead, Exhibit A states that the restroom door hardware must be "compliant," the restroom sink must have "proper knee clearance," and the toilet seat cover dispenser must be mounted "within the proper height/reach range." *Id.* at 2. In short, the consent decree does not specify what changes must be made or what it means for a particular architectural element to be "compliant" or "proper," and requires nothing to be "Fully Compliant."

For these reasons, the Court denies without prejudice the parties' request for an order entering the proposed consent decree. The parties may re-submit a revised consent decree for the

1 | Court's consideration.

2 | The deadline for conducting the joint site inspection in this case was May 17, 2019. Dkt. No. 22. On June 4, 2019, the parties filed a stipulated request to forego the joint site inspection and to extend the deadline to file a notice for need of mediation. Dkt. No. 24.

In view of the parties' representations about the status of this dispute, the Court grants the parties' belated request to forego the joint site inspection. However, the parties do not explain why they require an additional 42-day extension of the deadline to file a notice of need for mediation, and on that basis, the Court denies that request. Mr. Johnson shall file a notice of need for mediation by **July 5, 2019**.

**IT IS SO ORDERED.**

Dated: June 4, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge